*Ashford & Ashford,* for Burgess and Smith.

Honolulu, December 16, 1885.

---

## J. R. SILVA *et al vs.* A. J. LOPEZ *et al.*

### APPEAL FROM DECREE OF AUSTIN, J.

### JULY TERM, 1885.

### JUDD, C. J.; McCULLY and PRESTON, JJ.

A sale under a power in a mortgage having been set aside for irregularity : held that in the action to set aside the sale, neither the mortgagor, under a prayer for general relief, nor purchasers at the sale, could recover consequential damages from the mortgagee on account of the illegal sale.

Decree appealed from set aside and new Decree made.

OPINION OF THE COURT, BY PRESTON, J.

THIS is a suit brought to set aside a sale of real and personal property made by the defendant Lopez, under a mortgage from the plaintiffs.

The Bill prays that the sale, which was held on the 8th day of July, 1884, be adjudged illegal and void, and that no property rights passed thereby ; that all deeds and conveyances executed

in pursuance of said sale be cancelled ; that the defendants come to a just and true account with complainants in the premises; that the property sold be restored to complainants according to their respective rights, or if such return be impossible, then that such property as should not be returned be compensated for in cash by defendants or either of them ; that said mortgage be released and cancelled, the complainants offering to pay the mortgagees or other parties in interest what might be found owing on account of the mortgage.

The Bill also prayed an injunction and general relief.

An injunction was granted until further order, restraining the defendants from selling or disposing of the property comprised in the mortgage.

The defendants Lopez, Brown and Rosa answered the Bill. Defaults were entered against the other defendants.

On the ninth of October, 1884, the late Mr. Justice Austin rendered his decision, whereby he set aside the sale and directed the conveyances thereunder to be cancelled, the animals still remaining unsold by the purchasers to be given up to the plaintiffs, those not forthcoming to be accounted for by the purchasers on reasonable terms, proofs relative to the same and values, and also expenses of returning the animals, to be taken before the Clerk, an equitable decree to be made on the report: a computation of the amount due on the mortgage to the end that the plaintiffs might pay the same in full: a proper decree to be signed on presentation.

From this decision the defendant Lopez appealed and, on the 10th of December, a decision of the Full Court was filed affirming the decision of the Court below. See *ante*, page 262.

No decree has been drawn up by the plaintiffs either on the decision on the original hearing or on that of the Appellate Court.

Nothing further appears to have been done in the matter until the 27th day of January, 1885, when a decree, styled an interlocutory decree, was signed by Mr. Justice Austin, as follows:

"This cause having come on before the Court for hearing and determination, and the Court having heard and considered the evidence and arguments of counsel adduced on the part and in

53

behalf of the said parties complainant, and parties defendant who answered the Bill of Complaint herein, respectively :

"It is ordered, adjudged and decreed by the Court as follows, to wit :

"1st. That all deeds of conveyance of real or personal estate made by or on behalf of said defendant Antonio J. Lopez of property conveyed to said defendant by a certain deed of mortgage dated August 13, 1883, executed by the said parties complainant hereto, shall be and the same are hereby annulled, revoked, avoided and cancelled.

"2d. That each and every of the said parties defendant shall at once, upon demand of said parties complainant or their agent or attorney, and the production by such demandant of a certified copy of this order, yield up and deliver to such demandant the possession of all and singular such real and personal property by said parties defendant respectively purchased or acquired, at or by virtue of a sale held on the to wit 8th day of July, 1884, of certain of the property mentioned in and conveyed by the deed of mortgage aforesaid, as is now or was at the date of the service of the summons herein in or under their respective possession or control."

It is apparent that this decree does not follow or carry out the previous decisions, and is not in accordance therewith. No provision is made for any inquiry as to the amount due on the mortgage, nor any provision for its payment, nor any direction as to an account or inquiry as to the value of property not returned. The defendant Lopez's rights seem to be practically ignored. Certain orders were afterwards made directing inquiries as to the value of parts of the property sold at auction and not returned to the plaintiffs, and as to the damages sustained by the plaintiff Silva "or any of the parties to the action from the acts of any other party or parties to the action, arising out of or because of said sale," and long and complicated inquiries were made and much evidence taken before the Clerk as to the value of the property not returned at the time of the sale, and as to the loss to the plaintiff Silva by the stoppage of his business, and other consequential damages, also as to the damages sustained by the co-defendants Cunha and D'Andrade by the return of the property purchased by them.

On the 9th June, 1885, an order was made whereby the late learned Judge awarded the plaintiffs $1,320 as the value of the horses and cattle not returned, and also the following sums:

| | |
|---|---:|
| Loss of profits from dairy business | $ 350 00 |
| Loss of use of four oxen | 300 00 |
| Permanent loss of dairy patronage | 350 00 |
| Loss of pasturage in Hui of Manoa | 52 00 |
| Loss of leased pasture land | 500 00 |

which sums, amounting altogether to $2,872, were adjudged to be pafd by defendant Lopez to the plaintiffs.

The defendant Cunha was awarded the sum of $834 00, made up of $400 00, the price paid for cattle returned by him under the order of the Court, expenses driving and delivering the same, and increased value thereof.

The defendant D'Andrade was awarded the sum of $1,354 00, made up as follows:

| | |
|---|---:|
| Cash paid for lease | 175 00 |
| Cash paid for 20 cattle | 390 00 |
| Expense of receiving | 6 00 |
| Expense of delivering | 10 00 |
| Paid taxes on cattle | 2 50 |
| Paid taxes on land | 7 50 |
| Rent of leased land | 120 00 |
| Making lease and Bill of Sale | 18 00 |
| For increased value of cattle | 300 00 |
| For increased value of lease | 325 00 |

Mr. Justice Austin died without signing any decree.

The defendant Lopez appealed.

On behalf of the appellant it was contended:

1. That the Court had no jurisdiction to award general damages; the defendant Lopez cannot be deprived of his right to trial by jury.

The only question properly referred was the value of the live stock not returned. This was properly made. An award of general damages cannot be supported. A plain distinction is to be drawn between compensation for a deficiency and general damages.

Story Eq. Jur. Sec. 794, 796.

There is no prayer in the bill to justify an enquiry into damages. The decree should follow the relief prayed for.

*Manu vs. Campbell*, 4 Hawn., 498.

Story Eq. Pl. Sec. 42.

No decree should be made which does not order payment of amount found to be due on the mortgage.

The finding as to the value of the horses should be revised.

No decree can be made on this bill in favor of the co-defendants D'Andrade and Cunha. The form of the bill does not authorize it. *Graham vs. R. R. Co.*, 3 Wall. 704, does not support the dictum of the learned Judge.

For the plaintiffs it was contended at great length and with much persistence that the prayer for general relief warranted the Court in awarding damages flowing from the wrongful acts which form the basis of the complaint.

Pomeroy's Eq. Jur. Sec. 237.

Story's Eq. Jur. Sec. 794, 796.

The authorities are unanimous in holding that a prayer for general relief is a sufficient basis for any or all such relief as is agreeable to the case made by the bill. Even "if the plaintiff should mistake the relief to which he is entitled in his special prayer, the Court may yet afford him the relief to which he has a right under the prayer for general relief."

Story's Eq. Pl. Sec. 40, 41, note 2.

*Cook vs. Martin* 2 Atk. 3.

Mitford's Eq. Pl. (Ed. 1882) 132, 133.

The same conclusion may be reached by the doctrine that equity will exercise its powers to prevent a multiplicity of suits.

### BY THE COURT:

We have considered the several points and arguments advanced on behalf of the parties and are of opinion that the plaintiff J. R. Silva and the defendants D'Andrade and Cunha are not entitled to the resulting damages claimed and awarded to them.

It is true that under a prayer for general relief the Court may give such relief as it may think the plaintiff is entitled to on the case as made out at the hearing. But in this case the Court gave the plaintiffs all the relief asked for by their bill, and no further

relief was asked for at the hearing, or by the bill itself, and had it been asked for we do not think it should have been granted.

We think the decree of the 27th day of January was made in error, that it is not in accordance with the decisions of the learned Judge (Austin) and of the full Court, and that all proceedings under it were irregular.

This matter has now been before the Court for more than a year, and the defendant Lopez having been restrained from realizing his security, we think it advisable to deal with the whole case now, and thus avoid further delay and expense to the parties.

On a review of the testimony taken at the hearing and before the Master, it appears that the plaintiff Silva was present at the sale and so far from objecting, he then and subsequently delivered parts of the property sold (cattle and horses) to the purchasers.

Under the original decision, which was affirmed, Silva is entitled to have the property returned to him or to be paid its value, but no more, neither do we think that under the circumstances of the case as made, either he or the defendants Cunha and D'Andrade can recover for consequential or resulting damages.

We think, on an examination of the testimony, that the amount awarded to the plaintiffs for the value of the cattle and horses not returned is too much, and therefore allow to the plaintiff Silva the sum of $1,200 instead of $1,320, for such value.

We allow to the defendant Cunha the sum of four hundred dollars, the amount paid by him for the cattle returned by him, also the sum of $40 for expenses of driving the cattle to Waimalu and returning same, making together $440 with interest at the legal rate. We disallow the other items as not recoverable.

We allow to the defendant D'Andrade the sum of $175, cash paid for the lease purchased by him, also $390 for 20 head of cattle, $16 for receiving and delivering the cattle, $120 for rent paid by him, and $18 expenses of lease and bill of sale, making altogether the sum of $719, with legal interest. We disallow the other items as not recoverable.

An account must be taken of the amount of principal and interest due to the defendant Lopez under his mortgage, in which account he must be allowed the sum of $120, ordered to be paid to the defendant D'Andrade for rent, and after deducting the sum

of $1,200 with interest at the rate specified in the mortgage, the balance must be paid by the plaintiffs to Lopez.

The property comprised in the mortgage must be sold under the direction of one of the Judges of the Court, at the expiration of one month from the date the balance is ascertained and proceeds paid into Court, unless the amount found to be due is previously paid.

Each party to pay his costs of this appeal and of all proceedings subsequent to the decision of this Court of the 10th December last. The defendant Lopez to pay the complainants' costs of the suit up to and including the first appeal.

A decree embodying the foregoing orders and directions will be prepared and may be perused by the parties before final signature.

*Ashford & Ashford*, counsel for plaintiffs.

*F. M. Hatch & Cecil Brown*, for defendant Lopez.

*Jona. Austin*, for defendants Cunha and D'Andrade.

Dated, Honolulu, October 6, 1885.